By the Court, Cowen, J.
There' is nothing in the first objection. Judge Linn had authority to sign the record.
The second objection is also without foundation. The statute is, that every man having been convicted of petit larceny, and having been pardoned or otherwise discharged, who shall be subsequently convicted of petit larceny, &c. shall be punished in the state prison. ' This provision is collectable from 2 R. iS. 584, 2d ed. § 9. The word conviction is enough; for in this, the statute is pursued.
It is enough, for the same reason, to say, the prisoner was convicted of petit larceny, without giving particulars. The mere conviction of petit larceny, is the material fact. The third objection is therefore unfounded.
But there is another ingredient essential to the aggravated offence intended to be charged in the second count, which is not mentioned there. The statute requires not only a former conviction, but that the prisoner shall have been pardoned or discharged. It follows that either a pardon or discharge must he averred in the indictment. (1 Chit. Cr. Law, 280, Am. ed. of 1836.)
It is said, that such cannot be the construction of the statute, as it would lead to this absurdity: the prisoner would not be subject to the aggravated punishment should he escape from prison and then steal, which is. thought a much more fit case for increasing the punishment than where he has been pardoned, or discharged in due course of law. That we might possibly say, were the words open to construction; but they are direct and plain. When a statute makes a pardon or discharge the condition of increased punishment, on what rule can we say it shall be increased without either ? We might, perhaps, in a civil case, give *263 it an equitable extension, so as to cover circumstances exactly within its reason or principle; but not in a case of crime. Besides, if we had the power of construction, how can we say the legislature did not intend that the first punishment should take its regular and usual course, as a lesson of moral reformation, • before the offender should be deemed a fit subject for the enhanced penalty? (Vide 3 R. S. 834, 2d ed. Revisers’ note on § 9, there.)
On the fourth objection, therefore, we think the judgment must be reversed.
Judgment ‘reversed.